**E-FILED**
Monday, 03 May, 2010  04:16:30 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| NANCY HOKANSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CONSUMER RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1.     Plaintiff Nancy Hokanson brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Consumer Recovery Associates, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.     The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse."  225 ILCS 425/1a.

## VENUE AND JURISDICTION

4.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and  28 U.S.C. §§1331, 1337 and 1367.

5.      Venue and personal jurisdiction in this District are proper because:

a.      Defendant's collection communications were received by plaintiff within this District;

b.      Defendant transacts business within this District.

## PARTIES

6.      Plaintiff Nancy Hokanson  is an individual who resides in Cabery, Illinois.

7.      Defendant Consumer Recovery Associates, LLC is a limited liability company organized under Virginia law with offices at 135 Interstate Boulevard, Suite 8, Greenville, SC 29615.

8.      Consumer Recovery Associates, LLC is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

9.      Consumer Recovery Associates, LLC is a debt collector as defined in the FDCPA.

## FACTS

10.     Defendant has been attempting to collect from plaintiff an alleged credit card debt incurred for personal, family or household purposes.

11.     The alleged debt is long past the statute of limitations and for that reason is disputed by plaintiff.

12.     During March and April, 2010, defendant repeatedly left telephone messages for plaintiff asking that she call defendant back.

13.     At no time has plaintiff received a written notice from defendant such as is described in 15 U.S.C. §1692g.  On information and belief, no such notice has been sent by defendant.

14.     When plaintiff did not call defendant back immediately, defendant's

representatives called plaintiff's mother-in-law and father-in-law and asked them to have plaintiff

call defendant.

15.     On April 9, 2010, plaintiff called defendant and was told by defendant's

representative that if she did not pay defendant, defendant would report the debt to the Internal

Revenue Service and that plaintiff would have to pay tax on the amount of the debt.

16.     Defendant's representative demanded an agreement to pay by the end of the

day.

17.     Defendant's representative  called back about an hour later and claimed that

"they got the number down to $4,612."  When plaintiff declined to agree, defendant's representative

stated that they must get a call back by 5 p.m., and if not, "good luck to you."

18.     Plaintiff was harassed, upset, aggravated and frightened by defendant's

course of conduct.

## COUNT I – FDCPA

19.     Plaintiff incorporates paragraphs 1-18.

20.     Defendant violated 15 U.S.C. §1692g, by failing to provide the required

notice within five days of the initial communication with plaintiff.

21.     Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

> **(1) the amount of the debt;**
>
> **(2) the name of the creditor to whom the debt is owed;**
>
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

22.     The messages left by defendant with plaintiff's relatives violated 15 U.S.C.

§1692c.

23.     Section 1692c provides:

**§ 1692c.        Communication   in   connection   with   debt   collection**

**[Section 805 of P.L.]**

**. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

24.      The representations or threats regarding the tax consequences of nonpayment were false, not intended to be carried out, and violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

25.      Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)      The false representation of--**

**(A)      the character, amount, or legal status of any debt; . . .**

**(5)      The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)      The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1)      Statutory and actual damages;

(2)       Attorney's fees, litigation expenses and costs of suit;

(3)       Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

26.      Plaintiff incorporates paragraphs 1-18.

27.     Defendant is a "collection agency" as defined in the Illinois Collection

Agency Act, 225 ILCS 425/1 et seq.

28.     Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

**(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

29.     Defendant violated the following provisions of 225 ILCS 425/9.2:

**225 ILCS 425/9.2.  (Effective January 1, 2008) Communication in connection with debt collection**

**Sec. 9.2. . . . (b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**

30.     Defendant violated the following provisions of 225 ILCS 425/9.3:

**225 ILCS 425/9.3.  (Effective January 1, 2008) Validation of debts**

**Sec. 9.3. (a) Within 5 days after the initial communication with a debtor in connection with the collection of any debt, a debt collector or collection agency shall, unless the following information is contained in the initial communication or the debtor has paid the debt, send the debtor a written notice with each of the following disclosures:**

**(1) The amount of the debt.**

**(2) The name of the creditor to whom the debt is owed.**

**(3) That, unless the debtor, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector or collection agency.**

**(4) That, if the debtor notifies the debt collector or collection agency in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector or collection agency will obtain verification**

**of the debt or a copy of a judgment against the debtor and a copy of the verification or judgment will be mailed to the debtor by the debt collector or collection agency.**

**(5) That upon the debtor's written request within the 30-day period, the debt collector or collection agency will provide the debtor with the name and address of the original creditor, if different from the current creditor. If the disclosures required under this subsection (a) are placed on the back of the notice, the front of the notice shall contain a statement notifying debtors of that fact.**

**(b) If the debtor notifies the debt collector or collection agency in writing within the 30-day period set forth in paragraph (3) of subsection (a) of this Section that the debt, or any portion thereof, is disputed or that the debtor requests the name and address of the original creditor, the debt collector or collection agency shall cease collection of the debt, or any disputed portion thereof, until the debt collector or collection agency obtains verification of the debt or a copy of a judgment or the name and address of the original creditor and mails a copy of the verification or judgment or name and address of the original creditor to the debtor.**

**(c) The failure of a debtor to dispute the validity of a debt under this Section shall not be construed by any court as an admission of liability by the debtor.**

31.     A private right of action exists for violation of the ICAA.  Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

32.     Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff  and against defendant:

      (1)     Compensatory and punitive damages;

      (2)     Costs.

      (3)     Such other and further relief as is appropriate.

s/Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)